IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JERRY LEWIS DEDRICK,           )
                               )
          Petitioner,          )
                               )
                               )    CIV-05-1158-R
v.                             )
                               )
UNITED STATES OF AMERICA,      )
                               )
          Respondent.          )

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently in custody at the Federal Correctional

Institution ("FCI") in El Reno, Oklahoma, and appearing *pro se*, has filed this Petition for

a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the

undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §

636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases in the

United States District Courts, the Petition has been promptly examined and for the reasons

stated herein, it is recommended that the Petition be construed as a 28 U.S.C. § 2255 motion

to vacate and, so construed, that the motion be dismissed upon filing on the basis that it is

premature and Petitioner has failed to obtain the requisite authorization from the Fifth Circuit

Court of Appeals to proceed in this Court in a second or successive 28 U.S.C. § 2255 motion.

In his Petition, Petitioner alleges he is being illegally confined pursuant to a

conviction for possession of a controlled dangerous substance (cocaine base) and aiding and

abetting. Petitioner seeks to be re-sentenced. He alleges that his plea agreement with the

1

Dockets.Justia.com

federal prosecutor included a two-level downward departure in his sentence as a minor participant and he was not given the benefit of this agreement at his sentencing.  In his Petition, Petitioner is challenging his 2003 judgment of conviction entered in the United States District Court for the Western District of Texas, in Case No. MO-02-CR-113-2, pursuant to a plea of guilty to aiding and abetting possession with intent to distribute cocaine base of 50 grams or more, for which he received a 292-month sentence of imprisonment. See United States v. Dedrick, No. 03-50397, 85 Fed. Appx. 402 (5th Cir. Jan. 23, 2004)(*per curiam*)(unpublished op.).  Petitioner appealed this conviction, and on January 23, 2004, the Fifth Circuit Court of Appeals affirmed in part and dismissed in part. Id.

Petitioner subsequently filed a post-conviction action in the sentencing court in Texas in which he sought habeas relief based on an alleged failure to honor his plea agreement and he sought consideration of his motion to reduce his sentence.  The sentencing court dismissed this pleading for lack of jurisdiction, and the Fifth Circuit Court of Appeals affirmed the decision, finding that Petitioner's motion to modify his term of imprisonment was "unauthorized and without a jurisdictional basis." United States v. Dedrick, No. 104 Fed. Appx. 930 (5th Cir. June 23, 2004)(*per curiam*)(unpublished op.).

Taking judicial notice of the Court's own records, Petitioner has filed six previous actions in this Court. In Dedrick v. Peterson, No. CIV-05-232-R, Petitioner sought habeas relief under 28 U.S.C. § 2241 although his Petition stated a challenge to his 2003 conviction and sentence in the Western District of Texas.  In that action, United States Magistrate Judge Roberts entered a Report and Recommendation in which Magistrate Judge Roberts found that

2

Petitioner failed to show that the remedy under 28 U.S.C. § 2255 was inadequate or ineffective to challenge the validity of his federal conviction and sentence, that his exclusive remedy for his claim of ineffective assistance of counsel is a 28 U.S.C. § 2255 motion which can be raised only in the sentencing court in Texas, and that his petition should be dismissed without prejudice upon filing.  No written objection to the Report and Recommendation was filed, and the Report and Recommendation of Magistrate Judge Roberts was adopted and the Petition was dismissed without prejudice to refiling. Dedrick v. Peterson, No. CIV-05-232-R (W.D. Okla. May 19, 2005)(Order, Russell, D.J.).

In Dedrick v. Scibana, No. CIV-05-575-R, Petitioner again sought habeas relief under 28 U.S.C. § 2241.  In a Report and Recommendation on Preliminary Review of the Habeas Petition entered by United States Magistrate Judge Bacharach, Magistrate Judge Bacharach found that Petitioner had previously unsuccessfully sought relief from his sentence under 28 U.S.C. § 2255 in the sentencing court, that his exclusive remedy for his claims challenging the validity of his 2003 conviction and sentence from the Western District of Texas is a 28 U.S.C. § 2255 motion to vacate, and that Petitioner had not shown that the 28 U.S.C. § 2255 remedy is inadequate or ineffective and he therefore must proceed under § 2255 rather than § 2241.  Because Petitioner had previously sought and been denied relief in a 28 U.S.C. § 2255 motion filed in the sentencing court, Magistrate Judge Bacharach found that Petitioner cannot file a "second or successive motion" under § 2255 unless he obtains prior authorization from the Fifth Circuit Court of Appeals.  Magistrate Judge Bacharach declined to recommend that the Petition be construed as a 28 U.S.C. § 2255 motion because such a

construction would require the transfer of the action to the Fifth Circuit Court of Appeals. Petitioner objected to the Report and Recommendation, and in an Order entered June 30, 2005, District Judge Russell found that because Petitioner had already filed a § 2255 motion, he was required to obtain authorization from the Fifth Circuit Court of Appeals in order to file a second or successive § 2255 motion, that Petitioner indicated in his objection that he desired the recharacterization of his petition as a § 2255 motion and its transfer to the Fifth Circuit Court of Appeals. Consequently, District Judge Russell construed the 28 U.S.C. § 2241 petition as a second or successive § 2255 motion and transferred the action to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. Dedrick v. Scibana, No. CIV-05-575-R (W.D. Okla. June 30, 2005)(Order, Russell, D. J.).

Although Petitioner has been clearly advised in two previous cases filed in this Court that he cannot bring a second or successive 28 U.S.C. § 2255 motion to vacate his sentence without prior authorization from the Fifth Circuit Court of Appeals, in the instant Petition he again seeks to challenge the validity of his 2003 conviction and sentence entered in the Western District of Texas. Petitioner has made no attempt to show that the 28 U.S.C. § 2255 remedy is inadequate or ineffective to raise his claim of a breached plea agreement as to sentencing. Consequently, Petitioner's sole remedy for the claim asserted in his Petition is a 28 U.S.C. § 2255 motion to vacate, which cannot proceed without prior authorization from the Fifth Circuit Court of Appeals to bring a second or successive § 2255 motion.

Because Petitioner already has a motion for authorization to proceed in a second or successive § 2255 motion pending before the Fifth Circuit Court of Appeals, this cause of

action, construed as a 28 U.S.C. § 2255 motion to vacate, should be dismissed without prejudice because it is premature and the Court lacks jurisdiction to consider the motion in the absence of the requisite authorization obtained pursuant to 28 U.S.C. § 1631.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be construed as a 28 U.S.C. § 2255 motion to vacate his sentence and, so construed, that the § 2255 motion be dismissed on the ground that it is premature and the Court lacks jurisdiction to consider the motion under 28 U.S.C. § 1631. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___November 7th___, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___18th___ day of ___October___, 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE